ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 2 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

---------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 7, 2011,**
**Pacquiao/Mosley** Broadcast,

**COMPLAINT**              RWS

                    Plaintiff,

Civil Action No.

1 11·CV-4318

    -against-

JENNIFER JORDAN, Individually, and as officer,
director, shareholder, and/or principal of
TROPICAL BAMBOO BAR AND GRILL
LIMITED LIABILITY COMPANY, d/b/a
TROPICAL BAMBOO BAR AND GRILL, a/k/a
TROPICAL BAMBOO BAR & GRILL,

and

TROPICAL BAMBOO BAR AND GRILL
LIMITED LIABILITY COMPANY, d/b/a
TROPICAL BAMBOO BAR AND GRILL, a/k/a
TROPICAL BAMBOO BAR & GRILL,

                    Defendants.

---------------------------------------------------------------


Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter referred to as

"Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of

Defendants herein, respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. §§ 553 or 605.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. All contractual conditions precedent have been fulfilled.

4. Upon information and belief, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(a)(2) because, *inter alia,* all Defendants reside within the State of Georgia.

5. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Georgia and certain activities of Defendants giving rise to this action took place in the State of Georgia; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the Northern District of Georgia. Moreover, upon information and

belief, Defendants have their principal place of business within the State of Georgia; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

6.  The plaintiff is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

7.  Upon information and belief, Defendant, JENNIFER JORDAN, resides at 1110 Deshon Trail, Lithonia, GA 30058.

8.  Upon information and belief, Defendant, JENNIFER JORDAN, is an officer, director, shareholder, and/or principal of TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY COMPANY, d/b/a TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL.

9.  Upon information and belief, Defendant, JENNIFER JORDAN, was the individual with supervisory capacity and control over the activities occurring within the establishment on May 7, 2011.

10.  Upon information and belief, Defendant, JENNIFER JORDAN, was the individual with close control over the internal operating procedures and employment practices of TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY

-3-

COMPANY, d/b/a TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, on May 7, 2011.

11. Upon information and belief, Defendant, JENNIFER JORDAN, received a financial benefit from the operations of TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY COMPANY, d/b/a TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, on May 7, 2011.

12. Upon information and belief, Defendant, TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, located at 8187 Covington Highway, Lithonia, GA   30058, had a capacity for 101-200 people on May 7, 2011.

13. Upon information and belief, Defendant, TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY COMPANY, d/b/a TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, is a business entity, the exact nature of which is unknown, having its principal place of business at 8187 Covington Highway, Lithonia, GA 30058. It's Registered Agent is Jennifer Jordan, having an address of 8187 Covington Highway, Lithonia, GA   30058.

14. Upon information and belief, Defendant, TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY COMPANY, d/b/a TROPICAL BAMBOO BAR

AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, is a Limited Liability Company, incorporated and licensed to do business in the State of Georgia.

15. Upon information and belief, Defendant, TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL, is a sole proprietorship licensed to do business in the State of Georgia.

16. Upon information and belief, Defendant, JENNIFER JORDAN, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL.

17. Upon information and belief, Defendant, TROPICAL BAMBOO BAR AND GRILL LIMITED LIABILITY COMPANY, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL.

## COUNT I

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19. By contract, Plaintiff was granted the right to distribute the

**Pacquiao/Mosley** Broadcast, including all undercard bouts and the entire television broadcast, scheduled for **May 7, 2011,** (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal.   The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

20. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Georgia, allowing them to publicly exhibit the Broadcast to their patrons.

21.  In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the State of Georgia.

22.  Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.  Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's

signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.   In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.   However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

24. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

25. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. § 605(a).

26. By reason of Defendants' violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

27. As a result of Defendants' willful violation of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

28. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.


## COUNT II

29. Plaintiff hereby incorporates paragraphs "1" through "17" and "19" through "23," inclusive, as though fully set forth herein at length.

30. Upon information and belief, with full knowledge that the Broadcast was

not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

31.  47 U.S.C. § 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

32.  Upon information and belief, Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

33.  By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. § 553, thereby giving rise to a private right of action.

34.  Upon information and belief, Defendants advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as TROPICAL BAMBOO BAR AND GRILL, a/k/a TROPICAL BAMBOO BAR & GRILL.

35.  As a result of Defendants' violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and

reasonable attorney's fees.

36. Without further discovery from and/or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendants can be liable for only one (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a) A finding that each Defendant's unauthorized exhibition of the **May 7, 2011, Pacquiao/Mosley Broadcast** violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. § 605(a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00

as to each Defendant for its violation of 47 U.S.C. § 553; and

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant

to 47 U.S.C. § 605(e)(3)(B)(iii) or § 553(c)(2)(C),  together with such

other and further relief as this Court may deem just and proper.

Dated:  December 1, 2011
        Ellenville, New York

**J & J SPORTS PRODUCTIONS, INC.**

By: _____
    JULIE COHEN LONSTEIN, ESQ.
    Attorney for Plaintiff
    LONSTEIN LAW OFFICE, P.C.
    Office and P.O. Address
    80 North Main Street : P.O. Box 351
    Ellenville, NY  12428
    Telephone:  (845) 647-8500
    Facsimile:  (845) 647-6277
    Email: Legal@signallaw.com
    *Our File No.  11-11GA-N02V*

By: _____
    Alexander T. Galloway, III, Of Counsel
    Bar Roll No. 283051
    Moore Ingram Johnson & Steele
    Emerson Overlook
    326 Roswell Street
    Marietta, GA 30060
    Tel. (770) 429-1499
    Fax (770) 429-8631
    Email: atg@mijs.com

-11-